**MAUREEN O'CONNELL**
NASSAU COUNTY CLERK



**OFFICE OF THE COUNTY CLERK**
240 OLD COUNTRY ROAD
MINEOLA, NEW YORK 11501-4249
TELEPHONE: 516 571-2660
FAX: 516 742-4099

INTER-DEPARTMENTAL MEMORANDUM

To:     County Attorney

From:   County Clerk

Date:   **10/18/2023**

Subject:   **Acceptance of Service**

**Index No.**   816177/2023E

Delivery by:

____ Mail
____ Certified Mail
__X__ Personal

Forwarded herewith is a **SUMMONS AND VERIFIED COMPLAINT**
In the matter of:

**FRANDILEDESMA**   v.   **NEW YORK CITY POLICE DEPARTMENT, THE CITY OF NEW YORK, NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, DUSTIN GENCO AND "JOHN DOE(S)"**

This office takes no position in this matter.

_C. Hray_

FILED: BRONX COUNTY CLERK 10/16/2023 03:03 PM                                    INDEX NO. 816177/2023E
NYSCEF DOC. NO. 1                                                                 RECEIVED NYSCEF: 10/16/2023

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
FRANDI LEDESMA,

                    Plaintiff,

     -against-

NEW YORK CITY POLICE DEPARTMENT, THE CITY OF NEW YORK, NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, DUSTIN GENCO AND "JOHN DOE(S)," name(s) fictitious, intended being that of police officers involved in the incident,

                    Defendants.
-------------------------------------------------------------------X

**SUMMONS**

Index No.:
Date Purchased
Plaintiff designates
BRONX
County as the place of trial.
The basis of venue is:
Situs of Occurrence

County of BRONX

To the abovenamed defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorneys within 20 days after the service of this summons exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
       October 13, 2023

                              *Gene L. Chertock*
                              **GENE L. CHERTOCK, ESQ.**
                              SUBIN ASSOCIATES LLP
                              Attorneys for Plaintiff
                              Address and Telephone Number
                              150 Broadway – 23rd Floor
                              New York, New York 10038
                              (212) 285-3800
                              File No.: 36032

Defendants Address:

The City of New York
100 Church Street
New York, NY 10007

                                       *[SEE RIDER FOR ADDITIONAL DEFENDANTS]*

FILED: BRONX COUNTY CLERK 10/16/2023 03:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 816177/2023E
RECEIVED NYSCEF: 10/16/2023

### RIDER

New York City Police Department
100 Church Street
New York, NY 10007

Nassau County
C/O Nassau County Clerk
240 Old Country Road
Mineola, New York 11501

Nassau County Police Department
1490 Franklin Avenue
Mineola, New York 11501

Dustin Genco
C/O Nassau County Police Department
1490 Franklin Avenue
Mineola, New York 11501

Dustin Genco
C/O New York City Police Department
100 Church Street
New York, NY 10007

FILED: BRONX COUNTY CLERK 10/16/2023 03:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 816177/2023E
RECEIVED NYSCEF: 10/16/2023

FILE: 36032

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X
FRANDI LEDESMA,

                    Plaintiff,

      -against-

NEW YORK CITY POLICE DEPARTMENT, THE CITY
OF NEW YORK, NASSAU COUNTY, NASSAU COUNTY
POLICE DEPARTMENT, DUSTIN GENCO AND "JOHN
DOE(S)," name(s) fictitious, intended being that of police
officers involved in the incident,

                    Defendants.

-------------------------------------------------------------X

**VERIFIED COMPLAINT**

    Plaintiff FRANDI LEDESMA, complaining of the defendants, by his attorney SUBIN ASSOCIATES LLP, upon information and belief, respectfully allege(s):

AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF FRANDI LEDESMA

1. That at all the times herein mentioned, the defendant THE CITY OF NEW YORK, hereinafter referred to as "CITY", was and still is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

2. That at all the times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT, hereinafter referred to as "NYCPD", was and still is a public benefit corporation, duly organized and existing under and by virtue of the laws of the State of New York.

FILED: BRONX COUNTY CLERK 10/16/2023 03:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 816177/2023E
RECEIVED NYSCEF: 10/16/2023

3. That at all the times herein mentioned, the defendant DUSTIN GENCO was and still is a detective employed by the defendants CITY and NYCPD and/or the defendants NASSAU COUNTY and NASSAU COUNTY POLICE DEPARTMENT.

4. That at all the times herein mentioned, the defendant "JOHN DOE(S)," name(s) fictitious, intended being that of the other police officers involved in the incident, hereinafter referred to as JOHN DOES, including but not limited to DUSTIN GENCO, were and still are police officers employed by the defendants CITY and NYCPD and/or the defendants NASSAU COUNTY and NASSAU COUNTY POLICE DEPARTMENT.

5. That notice of plaintiff's claim and notice of intention to sue and of the time when and the place where the injuries alleged herein were incurred and sustained was duly filed by the plaintiff with the Corporation Counsel of the defendant CITY and with the Comptroller of the defendant CITY and with the Legal Department of the defendant NYCPD and upon the defendants JOHN DOES, including but not limited to DUSTIN GENCO, and DUSTIN GENCO within 90 days after the cause of action herein accrued.

6. That pursuant to notice given by the defendants CITY and NYCPD, a hearing was held in abeyance pending the criminal charges being resolved or has been held prior to today.

7. That more than 30 days have elapsed since the demand for claim upon which this action was founded was presented to the Comptroller Legal Department of the defendant CITY and the Legal Department of the defendant NYCPD, for adjustment and that they have neglected and refused to make adjustment or payment thereof for said period of 30 days after such presentation, and that this action is commenced within one year and ninety days after the cause of action accrued.

FILED: BRONX COUNTY CLERK 10/16/2023 03:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 816177/2023E
RECEIVED NYSCEF: 10/16/2023

8. That at all the times herein mentioned, the defendant NASSAU COUNTY, hereinafter referred to as "NASSAU", was and still is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

9. That at all the times herein mentioned, the defendant NASSAU COUNTY POLICE DEPARTMENT, hereinafter referred to as "NCPD", was and still is a public benefit corporation, duly organized and existing under and by virtue of the laws of the State of New York.

10. That at all the times herein mentioned, the defendant DUSTIN GENCO was and still is a detective employed by the defendants NASSAU and NCPD and/or the defendant CITY and NYCPD.

11. That at all the times herein mentioned, the defendant "JOHN DOE(S)," name(s) fictitious, intended being that of the other police officers involved in the incident, hereinafter referred to as JOHN DOES, including but not limited to DUSTIN GENCO, were and still are police officers employed by the defendants NASSAU and NCPD and/or CITY and NYCPD.

12. That notice of plaintiff's claim and notice of intention to sue and of the time when and the place where the injuries alleged herein were incurred and sustained was duly filed by the plaintiffs with the with the Comptroller of the defendant NASSAU and with the Legal Department of the defendant NCPD and upon the defendant JOHN DOES, including but not limited to DUSTIN GENCO, within 90 days after the cause of action herein accrued.

13. That pursuant to notice given by the defendants NASSAU and NCPD, a hearing was held in abeyance pending the criminal charges being resolved.

FILED: BRONX COUNTY CLERK 10/16/2023 03:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 816177/2023E
RECEIVED NYSCEF: 10/16/2023

14. That more than 30 days have elapsed since the demand for claim upon which this action was founded was presented to NASSAU and the Legal Department of the defendant NCPD, for adjustment and that they have neglected and refused to make adjustment or payment thereof for said period of 30 days after such presentation, and that this action is commenced within one year and ninety days after the cause of action accrued.

15. That on or about 10/20/2022, the defendants and their agents, servants, employees and police officers, did verbally and physically abuse plaintiff and did commit an unjustified assault and battery upon plaintiff, causing severe personal injuries, and serious bodily harm.

16. That on or about 10/20/2022, defendants JOHN DOES, including but not limited to DUSTIN GENCO, did handcuff, arrest, detain and prosecute the plaintiff and physically abused him, battered him and violated his civil and constitutional rights in the process of arresting and detaining him.

17. That the aforesaid acts of the defendants, their agents, servants, employees and police officers, and JOHN DOES, including but not limited to DUSTIN GENCO, were willful, intentional and unwarranted and without any just cause or provocation.

18. That at all the times herein mentioned, and specifically on 10/20/2022, defendants JOHN DOES, including but not limited to DUSTIN GENCO, were on duty as police officers for defendants CITY and NYCPD and/or NASSAU and NCPD.

19. That at all the times herein mentioned, and specifically 10/20/2022, defendants JOHN DOES, including but not limited to DUSTIN GENCO, were in uniform as police officers for defendants CITY, NYCPD, NASSAU AND NCPD.

FILED: BRONX COUNTY CLERK 10/16/2023 03:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 816177/2023E
RECEIVED NYSCEF: 10/16/2023

20. That at all the times herein mentioned, and specifically 10/20/2022, defendants JOHN DOES, including but not limited to DUSTIN GENCO, were acting within the scope of their employment as police officers for defendants CITY, NYCPD, NASSAU and NCPD.

21. That the defendants CITY, NYCPD, NASSAU and NCPD and JOHN DOES, including but not limited to DUSTIN GENCO, their agents, servants and/or employees, were negligent in performing their duties; in failing to protect plaintiff from actual and imminent harm; in hiring and/or retaining in its employ personnel who are violent and/or possess violent propensities; persons who would assault and commit battery on law abiding individuals; in failing to adequately train and supervise its personnel; in causing, allowing and/or permitting an unwarranted and excessive use of force against plaintiff; and in causing, allowing and/or permitting its personnel to improperly effectuate arrests and violate the civil and constitutional rights of plaintiff; all in violation of statutes, ordinances and regulations.

22. That at all the times herein mentioned, the actions of the defendants were negligent and not in accordance with proper police procedures and regulations.

23. That said occurrence and the resulting personal injuries to the said plaintiff were caused through no fault of his own but were caused solely and wholly by reason of the negligence of the aforementioned defendants as set forth above.

24. That by reason of the foregoing, plaintiff was caused to sustain serious, harmful and permanent injuries; has been and will be caused great bodily injuries and pain, shock, mental anguish; has been and is informed and verily believes maybe permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage in an amount which

FILED: BRONX COUNTY CLERK 10/16/2023 03:03 PM                    INDEX NO. 816177/2023E
NYSCEF DOC. NO. 1                                                 RECEIVED NYSCEF: 10/16/2023

exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

25. Due to the abovesaid, plaintiff is entitled to damages in the sum which exceeds the sum or value established by 28 USC §1332(a) exclusive of interest and costs.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF FRANDI LEDESMA

26. Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

27. That on or about 10/20/2022, the defendants JOHN DOES, including but not limited to DUSTIN GENCO, did verbally, physically, intentionally, maliciously and deliberately abuse the plaintiff, with neither provocation nor privilege, and did commit an assault and battery upon plaintiff, causing severe personal injuries and serious and permanent bodily harm to the plaintiff.

28. That at the time of such malicious abuse, the defendants JOHN DOES, including but not limited to DUSTIN GENCO, were employees of the defendants and were acting as the defendants' agent in doing the acts complained of herein and were acting within the scope of their employment and authority while acting or attempting to be acting in the defendants' interests.

29. That by reason of the foregoing, plaintiff was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; has been and is informed and verily believes maybe permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have

jurisdiction and which warrants the jurisdiction of this Court.

30. Due to the abovesaid, plaintiff is entitled to damages in the sum which exceeds the sum or value established by 28 USC §1332(a) exclusive of interest and costs.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF FRANDI LEDESMA

31. Plaintiff repeats and realleges each and every allegation of the preceding causes of action as if fully set forth herein at length.

32. That or about 10/20/2022, the defendants JOHN DOES, including but not limited to DUSTIN GENCO, were negligent in causing and allowing and/or permitting their body or parts thereof to come in contact with the person of the plaintiff in such a manner as to cause severe personal injuries and serious and permanent bodily harm to the plaintiff.

33. That by reason of the foregoing, plaintiff was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; has been and is informed and verily believes maybe permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

34. Due to the abovesaid, plaintiff is entitled to damages in the sum which exceeds the sum or value established by 28 USC §1332(a) exclusive of interest and costs.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF FRANDI LEDESMA

35. Plaintiff repeats and realleges each and every allegation of the preceding causes of action as if fully set forth herein at length.

FILED: BRONX COUNTY CLERK 10/16/2023 03:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 816177/2023E
RECEIVED NYSCEF: 10/16/2023

36. That on or about 10/20/2022, the defendants JOHN DOES, including but not limited to DUSTIN GENCO's, acts constituted a willful and wanton disregard of the safety and Civil and constitutional rights of the plaintiff.

37. That by reason of the foregoing, plaintiff was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; has been and is informed and verily believes maybe permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

38. Due to the abovesaid, plaintiff is entitled to damages in the sum which exceeds the sum or value established by 28 USC §1332(a) exclusive of interest and costs.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S CIVIL AND CONSTITUTIONAL RIGHTS

39. Plaintiff repeats and realleges each and every allegation of the preceding causes of action as if fully set forth herein at length.

40. That on or about 10/20/2022, plaintiff had an assault and battery committed upon him by defendants JOHN DOES, including but not limited to DUSTIN GENCO, at the location in the alleyway of 704 Grand Concourse Bronx, New York.

41. That on or about 10/20/2022, at 704 Grand Concourse Bronx, New York, while plaintiff was in handcuffs behind his back and physically subdued and restrained and no longer resisting arrest or a threat to the arresting officers, he suffered public embarrassment and sustained physical abuse of by defendants JOHN DOES, including but not limited to DUSTIN GENCO.

42. That as a result of the wrongful acts described herein, plaintiff's legal and constitutional rights were violated, plaintiff's health was impaired, plaintiff suffered great mental distress, his reputation and character were injured, his earning power impaired, all to plaintiff's damage in the sum of having a present value that exceeds the jurisdictional limits of all lower court which would otherwise have jurisdiction of this matter, along with fees, costs and expenses.

43. That as a result of the aforementioned described actions, including the use of excessive physical force and negligent and intentional infliction of emotional harm upon the plaintiff, the defendants JOHN DOES, including but not limited to DUSTIN GENCO, deprived plaintiff of the **rights, privileges and immunities** secured by the constitution and laws of the United States and Fourteenth Amendment.

44. As a result of the aforedescribed actions, the defendants individually deprived plaintiff of his **right to liberty without due process** of law secured by the Constitution and laws of the United States and the Fifth and Fourteenth Amendments.

45. As a result of the aforedescribed actions, the defendants individually deprived plaintiff of his **Equal Protection** under the law secured by the Constitution and laws of the United States and the Fifth and Fourteenth Amendments.

46. The aforedescribed constitutional violations are all actionable under and pursuant to 42 U.S.C. 1981, 1983, 1985 and 1986.

47. That it was necessary for plaintiff to hire the undersigned attorney to file this lawsuit and upon judgment, plaintiff is entitled to an award of attorney's fees under 42 U.S.C. § 1988(b).

48. That by reason of the foregoing, plaintiff was caused to sustain serious, harmful and

FILED: BRONX COUNTY CLERK 10/16/2023 03:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 816177/2023E
RECEIVED NYSCEF: 10/16/2023

permanent injuries; has been and will be caused great bodily injuries and pain, shock, mental anguish; has been and is informed and verily believes maybe permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

49. Due to the abovesaid, plaintiff is entitled to damages in the sum which exceeds the sum or value established by 28 USC §1332(a) exclusive of interest and costs.

AS AND FOR AN SIXTH CAUSE OF ACTION
FOR VIOLATION OF PLAINTIFF FRANDI LEDESMA

50. Plaintiff repeats and realleges each and every allegation of the preceding causes of action as if fully set forth herein at length.

51. On 10/20/2022, plaintiff suffered severe injuries and trauma to head, neck, back, wrists, body limbs, emotional distress, physical, psychological and emotional disturbances when the defendants JOHN DOES, including but not limited to DUSTIN GENCO, attacked plaintiff, threw him to the ground in the alleyway of 704 Grand Concourse Bronx, New York, and purposefully kicked him in the mouth and/or face while plaintiff was subdued and handcuffed behind his back.

52. Defendants used unreasonable, unnecessary and excessive force while arresting and detaining plaintiff.

53. That as a result of the aforedescribed actions, including the use of excessive physical force and negligent infliction of emotional harm upon the plaintiff, the defendants JOHN DOES, including but not limited to DUSTIN GENCO, deprived plaintiff of the **rights,**

FILED: BRONX COUNTY CLERK 10/16/2023 03:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 816177/2023E
RECEIVED NYSCEF: 10/16/2023

*privileges and immunities* secured by the constitution and laws of the United States and Fourteenth Amendment.

54. As a result of the aforedescribed actions, the defendants individually deprived plaintiff of his *right to liberty without due process* of law secured by the Constitution and laws of the United States and the Fifth and Fourteenth Amendments.

55. The amount and type of physical force used upon plaintiff by defendants was unnecessary, improper, excessive and not reasonably justified under any circumstances.

56. The aforedescribed constitutional violations are all actionable under and pursuant to 42 U.S.C. 1981, 1983, 1985 and 1986.

57. The aforementioned acts of the defendants were intentional, willful malicious and performed with reckless disregard for and deliberate indifference to plaintiff's rights and physical well-being.

58. The aforementioned use of force and infliction of emotional harm caused immediate injury in the form of physical and emotional pain, suffering, shock, fright, humiliation embarrassment, disgrace and deprivation of plaintiff's constitutional rights.

59. That it was necessary for the plaintiff to hire the undersigned attorney to file this lawsuit and upon judgment, plaintiff is entitled to an award of attorney's fees under 42 U.S.C. § 1988(b).

60. That this action falls within one or more of the exceptions set forth in CPLR 1602.

61. That by reason of the foregoing, plaintiff was caused to sustain serious, harmful and permanent injuries; has been and will be caused great bodily injuries and pain, shock, mental anguish; has been and is informed and verily believes maybe permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great

FILED: BRONX COUNTY CLERK 10/16/2023 03:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 816177/2023E
RECEIVED NYSCEF: 10/16/2023

expense for medical care and attention; in all to plaintiff's damage, both compensatory and exemplary in an amount which exceeds the jurisdictional limits of all lower courts and which warrants the jurisdiction of this Court.

62. Due to the abovesaid, plaintiff is entitled to damages in the sum which exceeds the sum or value established by 28 USC §1332(a) exclusive of interest and costs.

**WHEREFORE**, the plaintiff demands judgment against the defendant in the FIRST cause of action in amounts which exceed the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in amounts to be determined upon the trial of this action; plaintiff demands judgment against the defendant in the SECOND cause of action in amounts which exceed the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in amounts to be determined upon the trial of this action; plaintiff demands judgment against the defendant in the THIRD cause of action in amounts which exceed the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in amounts to be determined upon the trial of this action; plaintiff demands judgment against the defendant in the FOURTH cause of action in amounts which exceed the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in amounts to be determined upon the trial of this action; plaintiff demands judgment against the defendant in the FIFTH cause of action in amounts which exceed the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in amounts to be determined upon the trial of this action; plaintiff demands judgment against the defendant in the SIXTH cause of action in amounts which exceed the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in amounts to be

FILED: BRONX COUNTY CLERK 10/16/2023 03:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 816177/2023E
RECEIVED NYSCEF: 10/16/2023

determined upon the trial of this action, together with the costs and disbursements of this action, and with interest from the date of this accident

DATED:   New York, New York
         October 13, 2023

                                        Yours, etc.

                                        *Gene L. Chertock*
                                        **GENE L. CHERTOCK, ESQ.**
                                        SUBIN ASSOCIATES, LLP
                                        Attorneys for Plaintiff
                                        150 Broadway
                                        New York, New York 10038

FILED: BRONX COUNTY CLERK 10/16/2023 03:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 816177/2023E
RECEIVED NYSCEF: 10/16/2023

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

I, the undersigned, an attorney admitted to practice in the courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff(s) in the within action; I have read the foregoing **SUMMONS AND COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

Dated:  New York, New York
        October 13, 2023

*Robert J. Eisen*
**ROBERT J. EISEN, ESQ.**

FILED: BRONX COUNTY CLERK 10/16/2023 03:03 PM         INDEX NO. 816177/2023E
NYSCEF DOC. NO. 1                                     RECEIVED NYSCEF: 10/16/2023

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------X
FRANDI LEDESMA,

                           Plaintiff,

      -against-

NEW YORK CITY POLICE DEPARTMENT, THE CITY
OF NEW YORK, NASSAU COUNTY, NASSAU
COUNTY POLICE DEPARTMENT, DUSTIN GENCO
AND "JOHN DOE(S)," name(s) fictitious, intended being
that of police officers involved in the incident,

                          Defendants.

-----------------------------------------------------------------------X

==================================================
**SUMMONS AND VERIFIED COMPLAINT**
==================================================

SUBIN ASSOCIATES, LLP
Attorney(s) for Plaintiff
Address and Telephone Number
150 Broadway 23 Floor
New York, New York 10007
(212) 285-3800
File No.: 36032