

| HON. SYLVIA O. HINDS-RADIX<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | ZACHARY KALMBACH<br>*Senior Counsel*<br>phone: (212) 356-2322<br>fax: (212) 356-3509<br>zkalmbac@law.nyc.gov |
|---|---|---|

March 21, 2024

**By ECF**
Honorable Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/22/2024
```

**MEMORANDUM ENDORSED**

Re: Ledesma v. New York City Police Department, et al.,
23 Civ. 10632 (GHW)

Your Honor:

I represent the City of New York (the "City") in the above-referenced matter. The City writes jointly with the parties to respectfully update the Court on the status of this case pursuant to the Court's Order dated February 15, 2024 (ECF No. 18).

By way of background, the Court held a conference in this matter on February 14, 2024. During the conference, the parties informed the Court that they intend to file a stipulation of voluntary conditional dismissal of this action, that the Nassau County District Attorney's Office and their Police Department provided plaintiff with affidavits detailing their lack of involvement in the incident, and that the undersigned would confer with the New York City Police Department ("NYPD") about providing a similar affidavit.

I am continuing to confer with the NYPD about the possibility of providing plaintiff with an affidavit of some sort. However, it must be noted that the City respectfully submits that, pursuant to Rule 11, there is no good faith basis for plaintiff to proceed with his claims against the City, given the lack of evidence of NYPD involvement in the alleged incident and the Nassau County Assistant District Attorney's sworn affidavit (which was provided to the parties shortly before the last conference) explicitly stating that, although the County employed defendant Genco at the time of the incident, he was directed, supervised, and controlled by the United States Drug Enforcement Administration ("DEA") in connection with the alleged incident. The plaintiff disagrees that this lack of evidence has been demonstrated as no discovery or automatic disclosure has taken place to date, hence their request for the police department affidavit demonstrating same prior to discontinuing the action and proceeding with their Federal Tort Claim against the DEA. The City has also provided plaintiff with an NYPD personnel order indicating that defendant Genco retired from the NYPD well before the alleged incident, but plaintiff disagrees that this

controls Genco's status on the date of the incident. As such, the City respectfully submits that plaintiff's claims against the City should be withdrawn at this time. Nevertheless, as noted *supra*, I am continuing to confer with the NYPD about providing an affidavit, and hope to provide one within the next two weeks.

To the extent the plaintiff has not filed a stipulation of voluntary dismissal by the next status conference—currently scheduled for March 28, 2024—the parties will update the Court accordingly at the conference. Alternatively, the parties respectfully request 30 days to file a stipulation of voluntary conditional dismissal in lieu of holding the March 28, 2024 conference.

All parties have participated in the drafting of this letter. Thank you for your time and consideration.

Respectfully submitted,

/s/ *Zachary Kalmbach*
Zachary Kalmbach
*Senior Counsel*

cc: **Via ECF**
All counsel of record

The Court thanks the parties for their joint status letter. Dkt. No. 19. The March 28, 2024 conference will proceed as scheduled.

SO ORDERED.

Dated: March 22, 2024
New York, New York

GREGORY H. WOODS
United States District Judge